KEITH *v.* LONG *et al.**

(Division B. May 10, 1926.)

[108 So. 283. No. 25595.]

1. LIMITATIONS OF ACTIONS. *Three-year statute of limitations is
   applicable to open account, items of which are barred after
   three years have elapsed since they were due and payable.*
   The three-year statute of limitation is applicable to open accounts,
   and the items thereof are barred after three years have elapsed
   since they were due and payable.

· 2. LIMITATION OF ACTIONS. *Writing stating that signer thereof had
   received horse of specified value as part payment on place, giv-
   ing its location, and that if clear title could not be had, he
   would give specified amount back, is sufficient to satisfy six-
   year statute of limitations.*
   A writing in the following words, "Received of W. D. Keith one
   horse valued at one hundred and fifty dollars as part payment on
   the old Clayborne place east of Tupelo. If can't get a clear title
   to the place will get one hundred and fifty dollars back,'' signed
   by the party receiving the horse, is a sufficient writing to satisfy
   the statute of limitation. The six-year statute of limitation
   is applicable to such writing.

3. PRINCIPAL AND AGENT. *Written agreement, signed by person re-
   ceiving horse, that he had received horse of certain value as
   part payment on place, giving its location, and that if clear title
   could not be had he would give specified sum back, was personal
   promise to repay money received on condition therein named,
   and it was immaterial that party signing it in fact represented
   third party.*

143 Miss.—3.

The writing in the above syllabus is a personal promise of the party signing the same to repay the money received on the condition therein named, and it is immaterial that the party signing it was, in fact, representing a third party.

*Corpus Juris-Cyc References: Agency 2CJ, p. 814, n. 1, 2; Limitation of Actions 37CJ, p. 762, n. 91; p. 768, n. 63; p. 866, n. 3.

APPEAL from chancery court of Lee county.
HON. ALLEN Cox, Chancellor.

Action by W. D. Keith against G. W. Long and others. Judgment for defendants, and plaintiff appeals. Reversed and judgment rendered.

*Wiley A. Blair,* for appellant.

*Mitchell & Clayton,* for appellees.

Note:—Briefs missing from this record.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff in the court below, and sued the appellee for one hundred fifty dollars paid on a land trade as part of the purchase money thereof, and upon an account amounting to one hundred sixty-nine dollars and thirty-four cents, which was for labor and material used in repairing the house on the land involved in the trade.

The defendant, G. W. Long, when the trade was made, gave the plaintiff, Keith, the following receipt:

"Received of W. D. Keith one horse valued at one hundred fifty dollars as part payment on the old Clayborne place east of Tupelo.

G. W. LONG.

"P. S.—If can't get a clear title to the place will get one hundred fifty dollars back.

G. W. LONG."

At the same time this writing was executed, four notes for five hundred dollars were executed by W. D. Keith and W. S. Berryhill, payable to H. O. Jones or bearer, the first being due and payable November 15, 1920, and one on each year thereafter. These notes were turned over to the chancery clerk to be kept until an abstract of title was furnished. The notes were placed in an envelope with the full endorsement written thereon at the time of the trade, as follows:

"These notes are not to be delivered to G. W. Long or any one else until deed made and abstract furnished showing good title in H. O. Jones."

The plaintiff, Keith, went into possession on the execution of these notes, and delivered to Long the horse referred to in the receipt. He made repairs on the house on the place bought, indicated by the open account. There was no contract in writing for the sale of the land, and Keith remained on the land until the latter part of the year 1920, when he moved off.

This suit was filed in June, 1924. The defendant filed an answer and two pleas. In the answer he denied that the defendant (Long) did not inform the complainant that he was selling the land for some one else, but asserted that he advised the complainant that he was selling the land for Jones, and that he advised and instructed the complainant to move upon the lands. He denied that it was represented that the abstract would be forthcoming within three weeks, and denied that Long agreed to reimburse the complainant for any improvements or work done on the land in case good title could not be made, and denied that complainant did any improvement on the place. The defendant (Long) alleged that he never owned the land in controversy, but that he admitted to selling the land for one H. O. Jones, and then Berryhill agreed to purchase the land, and that Keith paid a horse of the value of one hundred fifty dollars as part of the purchase money on the land, but that the horse was turned over to Jones, and that the complainant had

been paid in rent for the use of the place for the year that he stayed thereon.

He further alleged that there was no defect in the title of the land, and that the owner was ready at any and all times to make a deed, provided Keith and Berryhill would make the payments agreed on; that the one hundred fifty dollars paid on the place was not more than a reasonable rent for the land worked, and that Long did not receive the one hundred fifty dollars or the horse for himself and was not responsible therefor.

The pleas set up the three-year statute of limitation (Code 1906, section 3099 [Hemingway's Code, section 2463]), against each of the items embraced in the suit. It appears from the evidence that Berryhill was a party to the agreement to purchase the land, and that he was on the place, having gone on the place with Keith, and that after Keith left the place, he remained thereon under some arrangement and paid seventy-five or eighty dollars rent for the first year. It further appeared that the horse was turned over to Jones by Long.

The court below held that the complainant was not entitled to recover anything by this suit. A good deal is said about the sufficiency of the writing executed to constitute a binding contract to convey the land, such as would support an appeal for specific performances; and a good deal is said about the sufficiency of the receipt to constitute a contract in writing sufficient to satisfy the statute of limitations of six years. It appears that more than three years elapsed from the time he moved off of the place to the bringing of the suit. Keith and the chancery clerk both testified that he (Keith) went a number of times to the office of the chancery clerk. Keith testified that he offered Long the money in payment of the first note provided the abstract was ready and showed title to the land. Long disputes Keith about offering the money to pay the note. He states that Keith asked him about the abstract in the fall of 1920, and that he told him that he would have the abstract made when he paid

the note, and that Keith moved off the land, did not offer to pay, and did not pay any of the notes.

Keith testified that he never read the notes at the time they were executed, and did not know Jones was in the transaction; that he was to buy the land from Long. Long testified that Jones owned the land at that time, but that he (Long) held notes and first deed of trust against the land, having sold to Jones, and that he was trying to get his money out of the land. The open account is clearly barred by the statute of limitation, and the plea of statute of limitations to that item is good.

As to the payment evidenced by the receipt above set out, we think the receipt is sufficient to satisfy the statute of limitations of six years. The place is described in the receipt with sufficient certainty to authorize parol proof to show the subject-matter of the sale and the promise to repay if the title to the land was not shown by the abstract to be good title in Jones. Under this contract Long had a reasonable time to have the abstract prepared and submitted, but he failed to do that. The time elapsing between the trade and the moving away by Keith was more than sufficient time for the preparation of the abstract. Long was mistaken about having a right to wait until the money was paid to have the abstract prepared. His duty under the contract was to have the abstract prepared without undue delay.

We think the receipt does not disclose any liability, and does not purport to be an obligation on the part of Jones to repay the money. Long bound himself personally to repay this money, and was in default in reference thereto.

We think, therefore, that the court erred in not rendering the judgment against Long for the repayment of this money, and the judgment will be reversed and judgment rendered here for that amount, with interest from November 15, 1920.

*Reversed, and judgment here.*